Dear Mr. Chatham:
In response to your recent inquiry, the Jackson Parish Police Jury is the sole appointing authority with respect to the governing board of the Jackson Parish Watershed District. The board of commissioners may not override the appointments made by the police jury as terms expire.
We refer you to R.S. 38:2904, which states:
 § 2904. Board to govern; membership; tenure; vacancies; compensation
 The said district shall be governed and controlled by the Board of Commissioners of the Jackson Parish Watershed District, to be composed of seven commissioners, each of whom shall be a qualified elector of the state of Louisiana who resides within the limits of Jackson Parish. The commissioners shall be appointed by the Jackson Parish Police Jury and shall serve terms of four years and until their successors have been appointed and have qualified; except that one of the initial appointments shall be for a term of one year, two shall be for a term of two years, two shall be for a term of three years, and two shall be for a term of four years. Any vacancy in the office of commissioner, due to death, resignation or any other cause shall be filled by an appointment of the Jackson Parish Police Jury. The members of the board shall receive no compensation for their services, but may be reimbursed for expenses actually incurred in the performance of official duties. (Emphasis added).
You advise that the police jury wants to replace rather than reappoint two of the three members whose terms have expired. This action is well within the statutory authority of the police jury. The board of commissioners is without any authority to interfere with the decision of the police jury. Note also that the police jury is empowered to abolish the water district by LSA-Const. Art. 6, § 15 (1974), which provides:
§ 15. Local Governmental Subdivisions; Control Over Agencies
 Section 15. The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: May 8, 2003
 Kerry L. Kilpatrick Assistant Attorney General